**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| UNDERSEA RECOVERY CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> MADERO HOLDING, S.A. de C.V., <br><br> Defendant. | Civil Action No. <br> 1:19-cv-00286-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff UnderSea Recovery Corporation's motion for default judgment [ECF 34] and supplemental motion for default judgment [ECF 43] against Defendant Madero Holdings, S.A. de CV. For the following reasons, both motions are **GRANTED**.

**I.   BACKGROUND**

UnderSea is a corporation incorporated in Nevada with its principal place of business in Atlanta, Georgia.[1] UnderSea's business involves pursuing archeologically guided explorations and recovering shipwrecks throughout the

---

[1]   ECF 1, ¶ 2.

world.[2] Madero is a corporation incorporated and maintaining its principal place of business in Mexico.[3]

On February 8, 2013, UnderSea entered into an agreement with Madero pursuant to which Madero agreed to deliver $10 million in sovereign bonds issued by the Central Bank of Venezuela in exchange for: (1) an interest in the yet-established company Pedro Bank Shipwreck and Excavation, LLC (Pedro), and (2) a stock warrant granting Madero the option to purchase 17% of UnderSea's common stock (hereafter, the Agreement).[4] Subsequently, UnderSea issued Madero the stock warrant and the parties signed an Operating Agreement for Pedro.[5] Despite numerous assurances, Madero failed to make the required payments.[6]

On January 15, 2019, UnderSea initiated this action against Madero, asserting claims for breach of contract, pre-judgment interest, and attorneys' fees.[7] On May 19, 2020, the Court granted UnderSea's motion to serve Madero by

---

[2]  *Id.* ¶ 7.

[3]  *Id.* ¶ 3.

[4]  *Id.* ¶ 9.

[5]  *Id.* ¶¶ 13–15.

[6]  *Id.* ¶ 19.

[7]  *Id.* ¶¶ 23–29.

publication in Mexico.[8] UnderSea filed a proof of service on November 17.[9] On November 18, UnderSea filed its motion for the Clerk's entry of default, which was entered the next day.[10] On December 22, UnderSea filed its initial motion for default judgment.[11] The Court held an evidentiary hearing on the motion on April 14, 2021. After the hearing, UnderSea submitted a supplemental motion for default judgment that further calculated its requested damages and included substantial supporting evidence.[12]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. First, the movant must obtain a Clerk's entry of default by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). *See also Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011) ("First the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment."). Second, after the

---

8    ECF 19.

9    ECF 31.

10   ECF 32. *See also* Nov. 19, 2020 D.E.

11   ECF 34.

12   ECF 43.

Clerk has made an entry of default, the movant must file a separate motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). *See also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362. *See also United States v. Khan*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). Thus, when considering a motion for the entry of default judgment, "a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018) (citing *Cotton*, 402 F.3d at 1278). This review is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). Ultimately, "[t]he entry of a default judgment is committed to the discretion of the district court." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

**III.   DISCUSSION**

To obtain a default judgment, UnderSea must have properly served Madero. UnderSea submits proof—transcribed in English and Spanish—that it served Madero in Mexico through publication on August 17, August 25, September 2, and September 10, 2020.[13] After service was completed, Madero had 21 days to respond to the Complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Madero has yet to appear in this action in any form. Therefore, UnderSea correctly sought and obtained a clerk's entry of default and the Court must address UnderSea's entitlement to a default judgment on both liability and damages.

**a.   UnderSea is entitled to a default judgment on liability.**

UnderSea seeks a default judgment on its claims against Madero for breach of contract, prejudgment interest, and attorneys' fees. At the outset, the Court must ascertain what law governs the claims. UnderSea invokes the Court's subject matter jurisdiction based on a diversity of citizenship. 28 U.S.C. § 1332. "In diversity cases, the choice-of-law rules of the forum state determine what law governs." *Interface Kanner, LLC v. JPMorgan Chase Bank, N.A.*, 704 F.3d 927, 932 (11th Cir. 2013). Under Georgia law, "contractual choice-of-law provisions will be

---

[13]   ECF 31-1. *See also* ECF 19, at 9–11 (summarizing UnderSea's prior attempts to serve Madero before resorting to publication).

enforced unless application of the chosen law would be contrary to the public policy or prejudicial to the interests of this state." *Nat'l Freight, Inc. v. Consol. Container Co., LP*, 166 F. Supp. 3d 1320, 1326 (N.D. Ga. 2015) (quoting *CS–Lakeview at Gwinnett, Inc. v. Simon Prop. Grp., Inc.*, 283 Ga. 426, 428 (2008)). Paragraph 7 of the Agreement states that it "shall be governed by the laws of the State of Georgia."[14] Therefore, Georgia substantive law governs.

The elements of a breach of contract claim under Georgia law are "(1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *UWork.com, Inc. v. Paragon Techs., Inc.*, 321 Ga. App. 584, 590 (2013) (citing *Norton v. Budget Rent A Car Sys.*, 307 Ga. App. 501, 502 (2010)). "A breach occurs if a contracting party repudiates or renounces liability under the contract; fails to perform the engagement as specified in the contract; or does some act that renders performance impossible." *Moore v. Lovein Funeral Home, Inc.*, 358 Ga. App. 10, 12 (2020). *See also Board of Regents of the Univ. Sys. of Ga. v. Doe*, 278 Ga. App. 878, 887 (2006) ("A breach of contract may arise in any one of three ways, namely: by renunciation of liability under the contract; by failure to

---

14   ECF 34-4, at 4 ¶ 7.

perform the engagement; or by doing something which renders performance impossible.").

UnderSea's well-pleaded allegations—and the Agreement attached to the Complaint—are sufficient to establish a valid contract between it and Madero, and that Madero committed a material breach by failing to transfer the sovereign bonds with a value of $10 million. Since the well-pleaded allegations in the Complaint establish that Madero committed a breach of contract, UnderSea is at least entitled to an award of nominal damages. *King v. Brock*, 282 Ga. 56, 57 (2007); *Duke Galish, LLC v. Manton*, 308 Ga. App. 316, 322 (2011). Therefore, the Court finds UnderSea is entitled to a default judgment as to Madero's liability.

### b. UnderSea is entitled to a default judgment on damages.

The Court must next address damages. "While well-pleaded facts in the complaint are deemed admitted . . . allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Frazier*, 767 F. Supp. 2d at 1365 (citing *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007)). When assessing default judgment damages, the Court "has an obligation to assure that there is a legitimate basis for any damage award it enters" and not "a completely unreasonable or speculative amount of damages with no factual basis." *Anheuser*

*Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). *See also PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010) ("Rather than merely telling the Court in summary fashion what its damages are, a plaintiff seeking default judgment must show the Court what those damages are, how they are calculated, and where they come from.") (emphasis omitted).

UnderSea requests the following damages: (1) $10,000,000 in compensatory damages representing the amount Madero promised to transfer it in the form of Venezuelan sovereign bonds; (2) pre-judgment interest in the amount of 7% per annum under O.C.G.A. § 7-4-2(a); (3) $124,397 in fees expended by various legal professionals under O.C.G.A. § 13-6-11; and (4) $3,994.26 in costs and expenses.[15] On April 14, 2021, the Court held an evidentiary hearing as to UnderSea's damages. Based on a review of the entire record—including UnderSea's pre-hearing supplemental brief and post-hearing evidence in the supplemental motion for default judgment—the Court finds UnderSea is entitled to its sought-after damages.

First, UnderSea seeks $10,000,000 in compensatory damages for Madero's breach of the Agreement. Under Georgia law, "[d]amages recoverable for a breach

---

15   *See* ECF 39.

of contract are such as arise naturally and according to the usual course of things from such breach and such as the parties contemplated, when the contract was made, as the probable result of its breach." O.C.G.A. § 13-6-2. *See also Bauer v. N. Fulton Med. Ctr., Inc.*, 241 Ga. App. 568, 572 (1999). The objective is to place the "injured person . . . in the position he would have been if the contract had been fully performed." *Caldwell v. Church*, 353 Ga. App. 141, 146 (2019) (citing *Accent Walls, Inc. v. Parker*, 162 Ga. App. 633, 633 (1982)). *See also Turner Broad. Sys., Inc. v. McDavid*, 303 Ga. App. 593, 611 (2010) ("We recognize that damages for breach of contract claims are compensatory awards designed to give the injured party the benefit of his bargain."). But no measure of damages may place an injured party "in a better position than [it] would have been in if there had been no breach." *Reliance Tr. Co. v. Candler*, 294 Ga. 15, 19 (2013). The injured party bears the burden of providing sufficient evidence of its damages. *Board of Regents of Univ. Sys. of Ga. v. Ambati*, 299 Ga. App. 804, 813 (2009).

UnderSea submits evidence that it fully performed under the Agreement. Specifically, the parties signed the Operating Agreement for Pedro and UnderSea issued Madero a warranty for the right to purchase 17% of its common stock. UnderSea also submits evidence demonstrating that the value of this consideration equaled or exceeded $10,000,000. Therefore, due to Madero's breach of the

Agreement, the Court is satisfied that UnderSea has suffered $10,000,000 in damages.

Second, UnderSea seeks an amount of pre-judgment interest based on Madero's breach. Under Georgia law, "[t]he legal rate of interest shall be 7 percent per annum simple interest where the rate percent is not established by written contract." O.C.G.A. § 7-4-2(a)(1)(A). "Generally speaking, prejudgment interest on an amount owed under a contract starts to run on the date the amount becomes due and payable." *Gwinnett Cnty. v. Old Peachtree Partners, LLC*, 329 Ga. App. 540, 545 (2014) (collecting cases). *See also Sec. & Exch. Comm'n v. Price*, 108 F. Supp.3d 1342, 1348 (N.D. Ga. 2010) ("Entitlement to prejudgment interest is premised on the principle that when a debt is owed and demand for the funds is made, interest accrues from the time entitlement attached.").

Here, the Agreement did not specify an interest rate. Under O.C.G.A. § 7-4-2(a)(1)(A), UnderSea is entitled to 7% per annum in pre-judgment interest on the $10,000,000 in damages that it suffered; *i.e.*, $1,917.81 per day. Since UnderSea issued Madero the stock warranty on February 8, 2013 — thus fully performing its obligations under the Agreement — the $10,000,000 became due, and pre-judgment interest began accruing, on that date. Thus, as of June 3, 2021, UnderSea is entitled to $5,824,388.97 in pre-judgment interest.

Finally, UnderSea seeks $124,397 in fees for work performed by various legal professionals and $3,994.26 in expenses under O.C.G.A. § 13-6-11. According to this statute:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

*Id*. When dealing with a default judgment, Georgia law holds that:

> [I]f a plaintiff in its original complaint puts the defendant on notice that it is seeking attorney fees and expenses under O.C.G.A. § 13–6–11 as part of the relief prayed for in the case, and if a default judgment is subsequently entered against the defendant for failing to answer the complaint, then the plaintiff is entitled to an award of attorney fees and expenses as a matter of law from the defendant having caused unnecessary trouble and expense.

*Nat'l Fire Ins. Co. of Hartford v. Thrasher Contracting, LLC*, 142 F. Supp. 3d 1309, 1314–15 (N.D. Ga. 2015) (quoting *Water's Edge Plantation Homeowner's Ass'n, Inc. v. Reliford*, 315 Ga. App. 618, 620 (2012)). *See also Earthlink, Inc. v. Log On Am., Inc.*, No. 1:02-cv-1921-JOF, 2006 WL 1835426, at *4 (N.D. Ga. June 30, 2006) ("A court may award attorney's fees in a default judgment action.") (citing *Fresh Floors, Inc. v. Forrest Cambridge Apartments, L.L.C.*, 257 Ga. App. 270, 271 (2002)).

In its Complaint, UnderSea included a separate cause of action seeking its attorneys' fees and expenses. This is sufficient to place Madero on notice of the request for relief. Accordingly, the Court must determine a reasonable award, a decision committed to its sound discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *Natco, Ltd. P'ship v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001). In determining whether a requested fee is reasonable, the Court must first determine the lodestar amount by multiplying the number of hours reasonably expended by the reasonable hourly rate. *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). *See also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). This amount is "strongly presumed" to be a reasonable fee. *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).

UnderSea has submitted a detailed, itemized list of the work performed and amount charged by its legal counsel. It has also included evidence of its litigation expenses. The Court finds these amounts reasonable in light of the posture of this case and Undersigned's own experience with the legal market. Therefore, UnderSea is entitled to its requested attorneys' fees and expenses.

## IV. CONCLUSION

UnderSea's motion for default judgment [ECF 34] and supplemental motion for default judgment [ECF 43] are **GRANTED**. The Clerk is **DIRECTED** to enter

judgment in favor of UnderSea as follows: (1) damages for breach of contract in the amount of $10,000,000; (2) pre-judgment interest in the amount of $$5,824,388.97; and (3) attorneys' fees and expenses in the amount of $128,391.26. Since there are no further claims or issues remaining, the Clerk is further **DIRECTED** to close this case.

    **SO ORDERED** this the 3rd day of June 2021.

                                                        Steven D. Grimberg
                                      United States District Court Judge